NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| DANIEL J. ZARANKA, | : | Civil No. 08-4433 (JAP) |
| Plaintiff, | : | |
| v. | : | OPINION |
| STATE OF NEW JERSEY, | : | |
| Defendant. | : | |

**APPEARANCES**:

    DANIEL J. ZARANKA, #66742/3195386 Pro Se
    Monmouth County Correctional Institution
    1 Waterworks Rd.
    Freehold, New Jersey 07728

**PISANO, District Judge**

    Plaintiff Daniel J. Zaranka seeks to file a Complaint in forma pauperis pursuant to 28 U.S.C. § 1915.  This Court will grant Plaintiff's application to proceed in forma pauperis.[1]  As required by 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, this Court has screened the Complaint for dismissal and, for the reasons set forth below, will dismiss the federal claims and decline to exercise jurisdiction over claims arising under state law.

**I.  BACKGROUND**

    Plaintiff sues Sarah H. Surgent, the Public Defender who represented him in a civil commitment hearing; Maureen Santina, a doctor who testified for the State at the hearing; and

---

[1] Although Plaintiff complains about his wrongful civil commitment, he alleges in the Complaint and affidavit of poverty that he is an inmate at Monmouth County Correctional Institution.  This Court therefore finds that he is a prisoner pursuant to 28 U.S.C. § 1915.

the State of New Jersey. He asserts the following facts, which this Court is required to regard as true for the purposes of this review. See Stevenson v. Carroll, 495 F. 3d 62, 66 (3d Cir. 2007). Plaintiff maintains that his "due process rights were violated by the fact that he was ordered civilly committed without mental illness. This clear misjudgment proves serious error in the process of the justice system." (Compl. ¶ 4.b.) Plaintiff asserts that Ms. Surgent provided inadequate legal assistance and that Dr. Santina, a psychiatrist,

> made statements at trial which were completely false and based only upon assumptions. Her testimony needs to be discarded due to the fact that she's mistaken in all aspects. The conclusions drawn are simply wrong. When a sane individual is found otherwise, it proves that the entire process is inherently flawed . . . . [T]he competence of all parties involved should be at question for the remarkable errors in judgment being made.

(Compl. ¶ 4.c.)

Plaintiff asserts that two psychiatrists testified at the competency hearing, i.e., Dr. Santina and Dr. Kazi:

> "Dr. Kazi, studying the defendant for a period of two months, found him competent without any form of schizophrenia. Dr. Santina, meeting with the defendant for an hour, had the opposite conclusion. Trials in the United States involve consideration of both sides until the decision is unanimous. There seems no professional reason to value the opinion of one doctor over another.

(Compl. ¶ 6.)

## II.  STANDARD FOR SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires the Court, prior to docketing or as soon as practicable after docketing, to review a complaint in a civil action in which a plaintiff is

proceeding in forma pauperis or a prisoner seeks redress against a governmental employee or entity.  See 28 U.S.C. §§ 1915(e)(2)(B), 1915A.  The PLRA requires the Court to sua sponte dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  Id.

A claim is frivolous if it "lacks even an arguable basis in law" or its factual allegations describe "fantastic or delusional scenarios."  Neitzke v. Williams, 490 U.S. 319, 328 (1989); see also Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990).  As for failure to state a claim, the United States Court of Appeals for the Third Circuit recently clarified the standard, in light of the Supreme Court's decision in Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (2007), as follows:

> It remains an acceptable statement of the standard, for example, that courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief . . . .
>
> \*             \*             \*
>
> The Supreme Court's Twombly formulation of the pleading standard can be summed up thus: stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest the required element.  This does not impose a probability requirement at the pleading state, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element . . . .

Phillips v. County of Allegheny, 515 F. 3d 224, 233, 234-35 (3d Cir. 2008) (citations and internal quotation marks omitted).

### III.  DISCUSSION

A.  Federal Claims

Federal courts are courts of limited jurisdiction.  See Mansfield, C. & L. M. Ry. Co. v. Swan, 111 U.S. 379, 383 (1884).  "[T]hey have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto."  Bender v. Williamsport Area School Dist., 475 U.S. 534, 541 (1986).  A district court may exercise original jurisdiction over "Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their authority."  U.S. Const. art. III., § 2; see also 28 U.S.C. § 1331.

Under 42 U.S.C. § 1983, a plaintiff may obtain relief for a violation of his constitutional rights.[2]  He or she must show two elements:  (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Sample v. Diecks, 885 F.2d 1099, 1107 (3d Cir. 1989).

---

[2] Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

The problem with Plaintiff's § 1983 claims is that none of the named defendants are subject to suit under § 1983 for violating his federal rights.  Plaintiff's § 1983 claim against Ms. Surgent fails as a matter of law because she was not acting under color of state law in representing Plaintiff.  See Polk County v. Dodson, 454 U.S. 312 (1981); Repoli v. Cuoco, 2009 WL 389639 (3d Cir. 2009); see also Albrecht v. Hamilton, 233 Fed. Appx. 122 (3d Cir. 2007) (public defender does not act under color of state law in representing post-conviction relief petitioner).  The claim against Dr. Santina fails because a witness enjoys absolute immunity from damages under § 1983 for false testimony.  See Briscoe v. LaHue, 460 U.S. 325, 330-346 (1983) (police officer who testifies in criminal trial enjoys absolute witness immunity for false testimony); Kulwicki v. Dawson, 969 F.2d 1454, 1467 and n.16 (3d Cir. 1992) (witness who testifies in judicial proceeding is absolutely immune for false testimony); Williams v. Hepting, 844 F.2d 138, 143 (3d Cir. 1988) (witness is entitled to absolute immunity from civil liability under § 1983 for perjured testimony at preliminary hearing and suppression hearings).  Finally, Plaintiff's claims against the State of New Jersey are barred by the Eleventh Amendment.  See Hafer v. Melo, 502 U.S. 21, 26 (1991).  Because none of the named defendants can be sued under § 1983, this Court will dismiss the federal claims for failure to state a claim upon which relief may be granted.

This Court sees no reason to grant Plaintiff leave to amend the Complaint because, even if proper defendants were named, Plaintiff's claims for wrongful civil commitment would fail at this time.  To the extent Plaintiff seeks release from civil detention, the claim is barred by Preiser v. Rodriguez, 411 U.S. 475 (1973), and to the extent he seeks damages for wrongful detention, the claim is barred by the favorable termination rule of Heck v. Humphrey, 512 U.S. 477 (1994).

5

In Preiser, the Supreme Court ruled that when a person is challenging the very fact or duration of his physical confinement, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that confinement, his sole federal remedy is a writ of habeas corpus, which requires the exhaustion of state court remedies.  See  Preiser, 411 U.S. at 500.³  In Heck, the Supreme Court held that, in order to recover damages for allegedly unconstitutional incarceration or detention, a § 1983 plaintiff must prove that the order of detention has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.  Id. at 486-87.  As the Supreme Court explained,

> a state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - *if* success in that action would necessarily demonstrate the invalidity of the confinement or its duration.

Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005) (emphasis in original).

     Because Plaintiff does not indicate that his civil commitment was reversed or overturned, his damage claim for wrongful detention would be barred by Heck.  Thus, it does not appear that Plaintiff could state a valid § 1983 claim by amending his Complaint.  See Williams v. Consovoy, 453 F. 3d 173, 175-76 (3d Cir. 2006) (Heck bars claim for damages for

---

³ See also Coady v. Vaughn, 251 F.3d 480 (3d Cir. 2001) (state prisoner's challenge to denial of parole or challenge to the legality of continued state custody must be brought under § 2254 which requires the exhaustion of state court remedies);  Brown v. Fauver, 819 F. 2d 395 (3d Cir. 1987) (inmate's civil rights action seeking restoration of good time credits was in essence an action seeking habeas corpus relief which is not cognizable under §1983).

unconstitutional imprisonment even if habeas relief is no longer available because plaintiff was released).

B.  Supplemental Jurisdiction

"Supplemental jurisdiction allows federal courts to hear and decide state-law claims along with federal-law claims when they are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."  Wisconsin Dept. of Corrections v. Schacht, 524 U.S. 381, 387 (1998) (citation and internal quotation marks omitted).  Where a district court has original jurisdiction pursuant to 28 U.S.C. § 1331 over federal claims and supplemental jurisdiction over state claims pursuant to 28 U.S.C. § 1367(a), the district court has discretion to decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction.  28 U.S.C. § 1367(c)(3); Growth Horizons, Inc. v. Delaware County, Pennsylvania, 983 F.2d 1277, 1284-1285 (3d Cir. 1993).  Where the federal claims are dismissed at an early stage in the litigation, courts generally decline to exercise supplemental jurisdiction over state claims.  United Mine Workers v. Gibbs, 383 U.S. at 726; Growth Horizons, Inc., 983 F.2d at 1284-1285.

In this case, the Court is dismissing every claim over which it had original subject matter jurisdiction at an early stage in the litigation and declines to exercise supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(c)(3).

## IV.  CONCLUSION

The Court grants Plaintiff's application to proceed in forma pauperis, dismisses the federal claims raised in the Complaint, and declines to exercise supplemental jurisdiction.

/s/ Joel A. Pisano<br>
**JOEL A. PISANO**, U.S.D.J.

Dated: March 12, 2009